

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2002

# USA v. Matos

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3279

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Matos" (2002). *2002 Decisions*. Paper 363.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/363

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3279


UNITED STATES OF AMERICA

v.

JAMES VINCENT MATOS,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 00-cr-00470
(Honorable Jan E. DuBois)
_____

Argued April 22, 2002

Before:  SCIRICA, RENDELL and NOONAN*, Circuit Judges

(Filed: June 14, 2002)




    *The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth
Judicial Circuit, sitting by designation.

ELIZABETH T. HEY, ESQUIRE (ARGUED)
ROBERT EPSTEIN, ESQUIRE
Defender Association of Philadelphia
Federal Court Division
Curtis Center, Independence Square West
Suite 540 West
Philadelphia, Pennsylvania 19106

    Attorneys for Appellant


CRAIG D. MARGOLIS, ESQUIRE (ARGUED)
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106

    Attorney for Appellee

OPINION OF THE COURT


SCIRICA, Circuit Judge.

James Matos appeals from a judgment of conviction and sentence.  Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), Matos contends the sentencing guidelines' career offender adjustment is inapplicable unless the elements of the adjustment were pleaded in the information and proved to a jury beyond a reasonable doubt. We will affirm.                                    I

After his arrest for robbing two federally insured banks in Pennsylvania, Matos pled guilty to two counts of bank robbery (18 U.S.C. 2113(a)).  Matos faced a maximum prison sentence of twenty years on each count.  See 18 U.S.C. 2113(a).  The information did not cite the prior convictions.  At sentencing, the District Court found that Matos was a "career offender" under U.S.S.G.  4B1.1 because (1) bank robbery constituted a "crime of violence" as defined in U.S.S.G.  4B1.2; (2) his criminal record included at least two prior convictions for crimes of violence; and (3) he was 18 or older at the time he committed the instant offense.  As a "career offender," Matos' offense level was set at 32 because under 18 U.S.C. 2113(a) the maximum sentence for bank robbery is 20 years.  U.S.S.G.  4B1.1.  Matos' receipt of an acceptance of responsibility credit reduced his offense level to 29.  The "career offender" guideline specified a criminal history category of VI, resulting in a guideline sentencing range of 151-188 months.  After departing downward based on Matos' extraordinary post-offense rehabilitation, the District Court imposed a sentence of 120 months imprisonment on both counts, to run consecutively.

Matos contends his prior convictions and status as a career offender should have been charged in the information and proven beyond a reasonable doubt to a jury because they were used to increase his sentence range.  But when a sentence is imposed below the statutory maximum, it is not constitutionally objectionable under Apprendi.  United States v. Williams, 235 F.3d 858, 863 (3d Cir.), cert denied, 122 S.Ct. 49 (2001).  As noted, Matos was sentenced to 120 months, well under the original statutory maximum of twenty years on each count (18 U.S.C.  2113(a)).  Therefore, Matos' "career offender" status did not result in a sentence beyond the statutory maximum.  Williams, 235 F.3d at 863; see also United States v. Pressler, 256 F.3d 144, 159 (3d Cir.), cert. denied, 122 S. Ct. 503 (2001).
                                    II.
For the foregoing reasons, we will affirm the judgment of conviction and sentence.


TO THE CLERK:

        Please file the foregoing opinion.




                        /s/ Anthony J. Scirica
                           Circuit Judge

            UNITED STATES COURT OF APPEALS
               FOR THE THIRD CIRCUIT

                        _____

                        No. 01-3279
                        _____

                    UNITED STATES OF AMERICA

                            v.

                    JAMES VINCENT MATOS,
                                    Appellant


        _____

            On Appeal from the United States District Court
               for the Eastern District of Pennsylvania
                   D.C. Criminal No. 00-cr-00470
                    (Honorable Jan E. DuBois)

                      _____


                       Argued April 22, 2002

           Before:  SCIRICA, RENDELL and NOONAN*, Circuit Judges

                            JUDGMENT

        This cause came to be heard on the record from the United States District
Court for the Eastern District of Pennsylvania and was argued by counsel on April 22,
2002.  On consideration whereof, it is now hereby



        *The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth
Judicial Circuit, sitting by designation.
            ORDERED and ADJUDGED by this Court that the judgment of the
District Court entered August 13, 2001, be, and the same is hereby affirmed.  All of the
above in accordance with the opinion of this Court.


                          ATTEST:




                          Clerk

DATED: 14 June 2002                          June 13, 2002




TO:      Marcia M. Waldron, Clerk

FROM:    Judge Scirica

RE:      United States v. James Vincent Matos
         No. 01-3279
         Argued:  April 22, 2002



Dear Marcy:

        Please file the attached not precedential opinion which has been cleared in

accordance with our procedure.  The signed original is being delivered to your office.

Sincerely,


Anthony J. Scirica

AJS/sss

cc (letter only):   Judge Rendell
           Judge Noona